BRYAN CAVE LEIGHTON PAISNER LLP, #145700
Sean K. McElenney, 016987
Janessa E. Doyle, 037889
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Fax: (602) 364-7070
Email: sean.mcelenney@bclplaw.com
janessa.doyle@bclplaw.com

Attorneys for Defendant McKesson Corporation

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Norman Vallade, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Amazon.com Services, LLC, a limited liability company; Nurse Assist, LLC, a limited liability company; and McKesson Corporation,<br><br>Defendants. | No.<br><br>**DECLARATION OF JANESSA E. DOYLE IN SUPPORT OF REMOVAL** |

I, Janessa E. Doyle, declare as follows:

1. I am one of the attorneys in this matter for Defendant McKesson Corporation (“McKesson”). I have personal knowledge of the facts set forth in this declaration.

2. I am an attorney with the law firm Bryan Cave Leighton Paisner LLP and have practiced since 2022 in the State of Arizona.

3. On November 19, 2024, Plaintiff Norman Vallade (“Plaintiff”) filed an action in the Superior Court of the State of Arizona, Yavapai County, entitled *Norman Vallade v. Amazon.com, Inc., et al.*, Case No. S1300CV202401135 (“Action”).

4. Plaintiff served McKesson on February 14, 2025.

5. The Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

6. McKesson served a copy of the Notice of Removal on Plaintiff in accordance with 28 U.S.C. § 1446(d).



BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
TELEPHONE: (602) 364-7000

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
TELEPHONE: (602) 364-7000

7. Exhibit A attached hereto is the most recent Yavapai County Superior Court docket for the Action that I printed on March 17, 2025.

8. Exhibits B to L attached hereto are true and correct copies of the documents filed with the Yavapai County Superior Court in the Action and constitute the entire record of the proceedings in Yavapai County Superior Court.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 17th day of March, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

By /s/ Janessa E. Doyle
Sean K. McElenney
Janessa E. Doyle
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Attorneys for Defendant McKesson Corporation

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
TELEPHONE: (602) 364-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2025, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Cathy Russell

**NORMAN VALLADE v. AMAZON.COM SERVICES, LLC, et al.**

**Case No. S1300CV202401135**

**INDEX OF EXHIBITS TO**
**MCKESSON CORPORATION'S NOTICE OF REMOVAL**

| Exhibit | Description |
|---|---|
| A | Docket Yavapai County Superior Court<br>Case No. S1300CV202401135 |
| B | Complaint |
| C | Certificate of Compulsory Arbitration |
| D | Summons to Amazon.com Services, LLC |
| E | Summons to Amazon.com, Inc. |
| F | Notice of Impending Dismissal |
| G | Summons to Nurse Assist, LLC |
| H | Summons to Nurse Assist, LLC dba McKesson |
| I | Summons to McKesson Corporation |
| J | Amended Complaint |
| K | Defendant Amazon.com Services LLC's Answer and Defenses to Plaintiff's Amended Complaint and Cross-Claims |
| L | Notice of Removal |

# *EXHIBIT A*

Back to results

Case Details

# Case Information

| Case Number | Filing Date | Case Title | Case Category | Case Type Code | Case Status | Court | Judicial Officer Name |
|---|---|---|---|---|---|---|---|
| S1300CV202401135 | 11/19/2024 | NORMAN VALLADE vs AMAZON.COM, INC. et al. | CIVIL | C18 | OPEN | Yavapai County Superior | KRISTYNE SCHAAF-OLSON |

# Party Information

| First Name | Middle Name | Last Name | Date of Birth | Role | City | State | Vehicle Registration Hold |
|---|---|---|---|---|---|---|---|
| | | GALLAGHER AND KENNEDY P.A. | | Attorney Firm | | | N |
| NORMAN | | VALLADE | | PLAINTIFF | | | N |
| | | AMAZON.COM, INC. | | DEFENDANT | | | N |
| | | NURSE ASSIST, LLC | | DEFENDANT | | | N |
| SHANNON | L | CLARK | | Attorney | | | N |
| | | AMAZON.COM SERVICES, LLC | | DEFENDANT | | | N |
| Christopher | S | Coleman | | Attorney | | | N |

# Charge Information

| Charge Code | Charge Description | Charge Class | Disposition | Disposition Date |
|---|---|---|---|---|

No data available

# Event Information

Exhibit A

| Docket Description | Date | Preview Document | Add To Cart | Remove From Cart |
| --- | --- | --- | --- | --- |

| | | | | |
|---|---|---|---|---|
| COMPLAINT: Complaint | 11/19/2024 | | Item Available For Download Add to Cart | Remove Item |
| ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT SUBJECT TO | 11/19/2024 | | Item Available For Download Add to Cart | Remove Item |
| SUMMONS: SUMMONS | 11/19/2024 | | Item Available For Download Add to Cart | Remove Item |
| SUMMONS: SUMMONS | 11/19/2024 | | Item Available For Download Add to Cart | Remove Item |
| NOTICE: Impending Dismissal | 01/31/2025 | | Item Available For Download Add to Cart | Remove Item |
| SUMMONS: SUMMONS | 02/12/2025 | | Item Available For Download Add to Cart | Remove Item |
| SUMMONS: SUMMONS | 02/12/2025 | | Item Available For Download Add to Cart | Remove Item |
| SUMMONS: SUMMONS | 02/12/2025 | | Item Available For Download Add to Cart | Remove Item |
| COMPLAINT: AMENDED COMPLAINT | 02/12/2025 | | Item Available For Download Add to Cart | Remove Item |

| | | | | |
|---|---|---|---|---|
| ANSWER: AND CROSS CLAIM | 03/14/2025 | | Item Available For Download<br>Add to Cart | Remove Item |

## Hearing Information

| Courtroom Description | Date | Hearing Type | Hearing Result |
|---|---|---|---|
| No data available | | | |

v1.1.5

# *EXHIBIT B*

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/19/2024 3:46PM
BY: ANGARCIA
DEPUTY

Case No.: S1300CV202401135
HON. KRISTYNE SCHAAF-OLSON

Shannon L. Clark (Bar No. 019708)
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
slc@gknet.com
Telephone: (602) 530-8194
Facsimile: (602) 530-8000
*Attorney for Plaintiff*

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
AuthorOfficeGeneralNo1

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF YAVAPAI**

| | |
|---|---|
| NORMAN VALLADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a corporation; and NURSE ASSIST, LLC, a limited liability company d/b/a MCKESSON,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>**1. Strict Products Liability**<br>**2. Negligence**<br>**3. Negligence *Per Se*** |

Plaintiff Norman Vallade ("Mr. Vallade") for his claims against Defendants Amazon.com, Inc. ("Amazon") and Nurse Assist, LLC d/b/a McKesson ("Nurse Assist") (collectively "Defendants"), alleges as follows:

## INTRODUCTION

1. Beginning on or around January 14, 2023, Plaintiff Mr. Vallade began using McKesson Sterile Water, a product designed, manufactured, marketed, distributed and/or sold by Defendants, to clean a surgical wound on his foot. As a result of a manufacturing defect rendering the Sterile Water nonsterile, Mr. Vallade's wounds did not heal. Instead, they grew infected, and Mr. Vallade had to undergo further medical procedures to remedy the infection. The Sterile Water Mr. Vallade used was later recalled. These events resulted in severe emotional, physical, and economic damages to Plaintiff for which Defendants are responsible.

## PARTIES

2. Plaintiff Norman Vallade resides in Yavapai County, Arizona.

3. Defendant Amazon, upon information and belief, is a foreign corporation authorized to do and doing business in Yavapai County, Arizona.

4. Defendant Nurse Assist, upon information and belief, is a foreign limited liability company authorized to do and doing business in Yavapai County, Arizona.

## JURISDICTION AND VENUE

5. The acts and events hereinafter alleged occurred in Yavapai County, Arizona.

6. Venue is proper under A.R.S. § 12-401.

7. Plaintiff has incurred damages in an amount exceeding the minimum jurisdictional limit of this Court.

8. Based on the amount in controversy, this action qualifies as a Tier 3 case.

## FACTUAL ALLEGATIONS

9. On January 11, 2023, Mr. Vallade underwent reconstructive surgery on his right foot. As part of the reconstruction, surgeons placed internal hardware in Mr. Vallade's foot and installed an external fixator.

10. On January 14, 2023, Mr. Vallade purchased a case of forty-eight 100mL bottles of McKesson Sterile Water for Irrigation USP ("Sterile Water") from Defendant Amazon's online storefront (Order Number 112-4201476-8488261).

11. Shortly thereafter, Mr. Vallade received his order of forty-eight McKesson Sterile Water bottles, USP 100ML 3.4 FL OZ., PART # 37-6250 UDI 612479168572, Lot # 22073661, with an expiration date of July 18, 2024.

12. Sterile water is a medical product used for irrigation or flushing of wounds or medical tubing, among other applications.

13. On or around January 14, 2023, Mr. Vallade began using the Sterile Water to

clean the surgical wound incision sites on his right foot.

14. On April 4, 2023, Mr. Vallade underwent another surgery whereby doctors repaired his tibia and removed the external fixator from his January 11, 2023, surgery.

15. Mr. Vallade continued to use Sterile Water to clean his wounds from the April 4, 2023, surgery.

16. By May 31, 2023, the surgical site on Mr. Vallade's foot still had not healed. To the contrary, the wound was now deep enough to expose bone, and doctors noted necrosis/gangrene of his skin and bone.

17. As a result of the wound's failure to heal, Mr. Vallade underwent yet another surgery on May 31, 2023, this time to attach a vacuum-assisted wound closure device (a "wound VAC") to his foot. The wound improved while it was treated with the wound VAC, but bone was still exposed.

18. Mr. Vallade did not use Sterile Water while the wound VAC was attached.

19. Once the wound VAC was removed, Mr. Vallade continued to use Sterile Water to clean the wound site.

20. Because the wound still had not healed properly, Mr. Vallade underwent plastic surgery on July 25, 2023, to close the wound site.

21. After the plastic surgery, the wound site was wrapped with bandages for several weeks. During this period, Mr. Vallade did not use Sterile Water.

22. Once the wound had healed enough to transition from full bandage wrap to smaller gauze bandages, Mr. Vallade resumed use of Sterile Water to clean his wound site between bandage changes.

23. In October 2023, Mr. Vallade began experiencing symptoms of an infection, including redness and swelling of his foot as well as a high fever. While these symptoms would be concerning for any individual, it was particularly concerning for Mr. Vallade, who

is an immunocompromised type 1 diabetic.

24. Mr. Vallade was admitted to the hospital on October 26, 2023, in relation to the bacterial infection developing from his wound.

25. At the hospital, Mr. Vallade underwent three separate surgeries on October 27th, October 30th, and November 3rd, respectively. During these surgeries, the surgeon removed bone, hardware, and tissue from Mr. Vallade's right foot, then created a skin flap graft to cover the wound site.

26. While at the hospital, doctors placed a picc line in Mr. Vallade's chest so that he could continue to administer additional antibiotics to himself at home, which he did daily for five weeks following his discharge from the hospital. Doctors also placed Mr. Vallade on an oral medication to suppress the infection, which he took until March 21, 2024.

27. Mr. Vallade remained in the hospital for a total of twelve days, over the course of which time he was being treated intravenously with no less than two antibacterial drugs in order to control the infection. He was discharged on November 6, 2023.

28. On November 6, 2023, Defendant Nurse Assist issued a recall for certain lots of Sterile Water, including the case Mr. Vallade had purchased and used to clean his wound sites throughout the year.

29. That same day, the U.S. Food & Drug Administration issued a safety communication warning consumers not to use the recalled Sterile Water.

30. According to Nurse Assist's recall announcement, the product was recalled when routine product testing identified "[t]he potential for a compromised sterile barrier."

31. Nurse Assist's recall announcement stated that, for immunocompromised consumers such as Mr. Vallade, "there is a possibility that the use of the affected product could potentially result in severe or life-threatening adverse events."

32. Specifically, "[a]n open wound exposed to non-sterile products could

potentially put the patient at risk of infection." *See Avanos Medical, Inc. Announces Voluntary Recall in Response to Nurse Assist, LLC Sterile Water Medical Products Recall*, U.S. Food & Drug Administration (Feb. 27, 2024), https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/avanos-medical-inc-announces-voluntary-recall-response-nurse-assist-llc-sterile-water-medical.

33. On November 28, 2023, Defendant Amazon notified Mr. Vallade via e-mail that the Sterile Water he purchased had been recalled.

34. On December 26, 2023, Mr. Vallade underwent another surgery to complete the skin flap graft covering his wound site.

35. Doctors specializing in infectious diseases recommended that Mr. Vallade have the remaining hardware from his initial foot surgery removed and replaced with fresh hardware to ensure all contaminated materials were removed from his system. On February 14, 2024, Mr. Vallade underwent the suggested surgery.

36. On March 12, 2024, the U.S. Food & Drug Administration updated its recall safety communication to state that it "is receiving reports of adverse events associated with the use of Nurse Assist products."

37. Mr. Vallade's recovery is ongoing.

**COUNT I**
**Strict Products Liability – Manufacturing & Information Defect**
**(All Defendants)**

38. Plaintiff incorporates the allegations set forth above.

39. Plaintiff brings this strict liability claim against Defendants for defective manufacturing, rendering their product unreasonably dangerous.

40. Prior to the Sterile Water recall, Defendants engaged in the business of testing, developing, designing, manufacturing, marketing, selling, distributing, and/or promoting the Sterile Water that Mr. Vallade purchased, which was defective and

unreasonably dangerous to consumers, including Plaintiff, thereby placing the Sterile Water into the stream of commerce. These actions were under the ultimate control and supervision of Defendants.

41. Defendants designed, researched, developed, manufactured, produced, tested, assembled, labeled, advertised, promoted, marketed, sold, and/or distributed the Sterile Water product that Mr. Vallade used, as described above.

42. At all times herein mentioned, Defendants' Sterile Water product was used by Mr. Vallade in the manner expected and intended by Defendants.

43. Upon information and belief, Defendants' Sterile Water product was defective at the time of its manufacture, development, production, testing, inspection, endorsement, distribution, and sale, and at the time the product left the possession of Defendant in that, and not by way of limitation, the product differed from Defendants' intended results and intended designs and specifications, and from other ostensibly identical units of the same product lines.

44. Upon information and belief, the Sterile Water was manufactured in an unsafe, defective, and inherently dangerous manner that was dangerous for use by the public, and, in particular, immunocompromised consumers like Mr. Vallade.

45. Defendants' Sterile Water product reached the intended consumers, handlers, and users or other persons coming into contact with the product in Arizona and throughout the United States, including Plaintiff, without substantial change in its condition as designed, manufactured, sold, distributed, labeled, and/or marketed by Defendants.

46. Defendants' Sterile Water lacked a warning to consumers that the product might, in fact, be nonsterile and therefore dangerous to consumers, particularly immunocompromised consumers. To the contrary, the label on the product referred to the product as "Sterile" water and stated, "Contents STERILE in unopened, undamaged

package."

47. The manufacture of Defendants' product was so unreasonably dangerous to consumers that the product was recalled on November 6, 2023.

48. Prior to the recall, Mr. Vallade used Defendants' Sterile Water product to clean his surgical wounds.

49. Mr. Vallade's wounds became infected as a direct and proximate result of his use of Defendants' Sterile Water.

50. As a direct and proximate result of Defendants' defectively manufactured, defectively labeled, and unreasonably dangerous product, Mr. Vallade: suffered severe bodily injury, including scarring from multiple additional surgeries necessitated by use of Defendants' defective product; suffered and continues to suffer great pain of body and mind; incurred and will continue to incur expenses related to medical treatment of his injuries; suffered loss of income; suffered the loss of enjoyment of life; and has been otherwise damaged as to be further shown by the evidence at trial.

**COUNT II**
**Negligence**
**(All Defendants)**

51. Plaintiff incorporates the allegations set forth above.

52. At all relevant times, Defendants designed, tested, manufactured, distributed, advertised, marketed, and/or sold Sterile Water for use by consumers in the United States, such as Mr. Vallade.

53. At all relevant times, Defendants had a duty to exercise reasonable care in designing, manufacturing, labeling, testing, inspecting, distributing, advertising, marketing, and/or selling their product.

54. Upon information and belief, Defendants knew or should have known that the Sterile Water was defectively manufactured and posed a high risk of serious injury or death, particularly to immunocompromised individuals.

55. Defendants breached their duty of reasonable care by putting a product into the marketplace that they knew or should have known was inherently dangerous, particularly for immunocompromised consumers.

56. Further, upon information and belief, Defendants breached the duties owed to consumers of its Sterile Water product by committing the following negligent acts and omissions:

a. Failing to adequately maintain and monitor the safety of its products, premises, equipment, and/or employees;

b. Failing to properly operate its manufacturing facilities and equipment in a safe, clean, and sanitary manner;

c. Failing to adopt, implement, and/or follow adequate sterility policies and procedures;

d. Failing to apply its sterility safety policies and procedures to ensure the sterile condition of its Sterile Water product, premises, and/or equipment;

e. Failing to adopt, implement, and/or follow sterility policies and procedures that meet industry standards for the safe and sterile production of sterile water;

f. Failing to property train its employees and agents on how to ensure sterility and prevent compromised sterile barriers; and/or

g. Failing to adequately inspect and test its processing facilities, equipment, and products to ensure sterile barriers remained uncompromised.

57. Further, Defendants negligently represented to consumers that Sterile Water was sterile, intending for consumers to rely on the product's sterility in deciding to purchase and use the product, without exercising reasonable care to ensure the product was in fact sterile. Plaintiff justifiably relied on Defendants' negligent misrepresentation and was

injured as a result.

58. As a direct and proximate result of Defendants' negligent handling, manufacturing, inspection, testing, and misrepresentation, Plaintiff sustained damages in an amount to be proven at trial.

**COUNT III**
**Negligence *Per Se***
**(All Defendants)**

59. Plaintiff incorporates the allegations set forth above.

60. Defendant Nurse Assist, its employees, agents, and/or those working on its behalf, as providers of drug products within the State of Arizona, owe a duty to comply with A.R.S. § 32-1965.

61. A.R.S. § 32-1965(1) prohibits the act or causing of "[t]he manufacture, sale, holding, or offering for sale of any drug, devise, poison, or hazardous substance that is adulterated or misbranded."

62. Under A.R.S. § 32-1966, a drug or devise is adulterated if any of the following conditions are met, among others:

a. If it consists in whole or in part of any filthy, putrid or decomposed substance;

b. If it has been produced, prepared, packed, or held under unsanitary conditions whereby it may have been contaminated with filth, or is not securely protected from dust, dirt, and, as far as may be necessary by all reasonable means, from all foreign or injurious contamination, or whereby it may have been rendered injurious to health;

c. If the methods used in, or the facilities or controls used for, its manufacture, processing, packing, or holding do not conform to or are not operated or administered in conformity with current good manufacturing practice to assure that such drug or device meets the requirements of this chapter as to safety and has the identity and strength, and meets the quality, which it is

represented to possess;

d. If it is a drug the name of which is recognized in an official compendium, and its strength differs from, or its quality or purity falls below, the standard set forth in such compendium; or

e. If it is not a drug the name of which is recognized in an official compendium and its purity or quality falls below that which it purports or is represented to possess.

A.R.S. § 32-1966(1)-(3), (6), (7).

63. Defendant Nurse Assist, its employees, agents, and/or those working on its behalf, as providers of drug products within the United States, owe a duty to comply with 21 U.S.C. § 331.

64. 21 U.S.C. § 331(a) prohibits the act or causing of "[t]he introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded."

65. Under 21 U.S.C. § 351, a drug or devise is adulterated if any of the following conditions are met, among others:

a. If it consists in whole or in part of any filthy, putrid, or decomposed substance;

b. If it has been prepared, packed, or held under insanitary conditions whereby it may have been contaminated with filth, or whereby it may have been rendered injurious to health;

c. If it is a drug and the methods used in, or the facilities or controls used for, its manufacture, processing, packing, or holding do not conform to or are not operated or administered in conformity with current good manufacturing practice to assure that such drug meets the requirements of 21 USCS §§ 301 *et seq*. as to safety and has the identity and strength, and meets the quality and purity characteristics, which it purports or is represented to possess;

d. If it purports to be or is represented as a drug the name of which is recognized in an official compendium, and its strength differs from, or its quality or purity falls below, the standard set forth in such compendium; or

e. If it is not a drug the name of which is recognized in an official compendium and its strength differs from, or its purity or quality falls below, that which it purports or is represented to possess.

21 U.S.C. § 351(a)-(c).

66. A.R.S. § 32-1965 and 21 U.S.C. § 331 are statutes designed to protect the safety of consumers like Mr. Vallade.

67. Upon information and belief, Defendants, its employees, agents, or those working on its behalf, failed to comply with A.R.S. § 32-1965 and 21 U.S.C. § 331 and are therefore liable to Plaintiff under the doctrine of negligence *per se*.

68. As a direct and proximate result of Defendants' failure to comply with A.R.S. § 32-1965 and 21 U.S.C. § 331, Plaintiff sustained injuries and damages in an amount to be proven at trial.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

## RULE 26.2 TIER ALLEGATION

Pursuant to Rule 26.2(c)(3), the Court should assign this case to Tier 3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For special damages in an amount to be proven at trial;

(b) For general damages in an amount to be proven at trial;

(c) For an amount representative of Plaintiff's medical bills and lost wages—past and future—in an amount to be proven at trial;

(d) For all costs incurred and to be incurred herein;

(e) For interest on the above sums from the date of judgment until paid;

(f) For pre-judgment interest on Plaintiff's reasonably necessary medical expenses; and

(g) For such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of November, 2024.

GALLAGHER & KENNEDY, P.A.

By: */s/ Shannon L. Clark*

Shannon L. Clark
2575 East Camelback Road
Phoenix, Arizona 85016
*Attorney for Plaintiff*

# *EXHIBIT C*

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
11/19/2024 3:46PM
BY: ANGARCIA
DEPUTY

Case No.: S1300CV202401135
HON. KRISTYNE SCHAAF-OLSON

Person/Attorney Filing: Shannon L Clark
Mailing Address: 2575 E Camelback Rd, Ste 1100
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)530-8000
E-Mail Address: slc@gknet.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 019708, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YAVAPAI

Norman Vallade
Plaintiff(s),
v.
Amazon.com, Inc., et al.
Defendant(s).

Case No.

**CERTIFICATE OF COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Yavapai County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this November 19, 2024

By: Shannon L Clark /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #10659707

# *EXHIBIT D*

Shannon L. Clark (Bar No. 019708)
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
slc@gknet.com
Telephone: (602) 530-8194
Facsimile: (602) 530-8000
*Attorney for Plaintiff*

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
AuthorOfficeGeneralNo1

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF YAVAPAI**

| | |
|---|---|
| NORMAN VALLADE, an individual,<br>Plaintiff,<br>v.<br>AMAZON.COM SERVICES, LLC., a limited liability company; NURSE ASSIST, LLC, a limited liability company; and MCKESSON CORPORATION,<br>Defendant. | No. S1300CV202401135<br><br>**SUMMONS** |

**WARNING: This is an official document from the Court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

FROM THE STATE OF ARIZONA TO: Amazon.com Services, LLC

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this Summons.

2. If you do not want a judgment or order taken against you without your input, you must file an answer with the Court and pay the filing fee. If you do not answer, the other party may be given the relief requested in his or her Complaint. To file an answer, take or send the Answer to the **Clerk of the Superior Court, 120 S. Cortez, Prescott, AZ 86303**, or Clerk of the Superior Court, 2840 N. Commonwealth Drive, Camp Verde, AZ 86322. Mail a copy of your Answer to the other party, or the other party's attorney, at the address listed on the top of this Summons.

3. If this Summons and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, you must answer within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this Summons and the other papers were served on you

by a registered process server to the Sheriff outside the State of Arizona, you must answer within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete 30 days after date of the first publication.

**NOTICE: If you signed a Waiver of Service of Summons, you must file your answer within 60 days from the date the Notice of Lawsuit and Request to Waive Service of Summons was sent to you.**

4. Copies of the court papers filed in this case are available from the Plaintiff at the address at the top of this Summons or from the Clerk of the Superior Court at the addresses listed in Paragraph 2 above.

SIGNED AND SEALED this date: February 12th, 2025

DONNA McQUALITY, Clerk of the Superior Court

By: [signature],

Deputy Clerk

REQUESTS FOR REASONABLE ACCOMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE OFFICE OF THE JUDGE ASSIGNED TO THE CASE FIVE DAYS BEFORE ANY SCHEDULED COURT DATE.

# *EXHIBIT E*

Person Filing: Shannon L Clark
Address (if not protected): 2575 E Camelback Rd, Ste 1100
City, State, Zip Code: Phoenix, AZ 85016
Telephone: (602)530-8000
Email Address: slc@gknet.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 019708, Issuing State: AZ

**SUPERIOR COURT OF ARIZONA**
IN YAVAPAI COUNTY

Case Number: S1300CV202401135

Norman Vallade
Name of Plaintiff

**SUMMONS**

AND

Amazon.com, Inc., et al.
Name of Defendant

**WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Amazon.com, Inc.
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10659707

**3.** If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

**4.** You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

**5.** Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

**6.** Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date:*November 19, 2024*

*DONNA McQUALITY*
Clerk of Superior Court

By:*ANGARCIA*
Deputy Clerk

SEAL OF THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF YAVAPAI

AZturboCourt.gov Form Set #10659707

# *EXHIBIT F*

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
01/31/2025 1:44PM
BY: BCHAMBERLAIN
DEPUTY

**SUPERIOR COURT, STATE OF ARIZONA IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| NORMAN VALLADE, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>AMAZON.COM, INC., a corporation; and NURSE ASSIST, LLC, a limited liability company d/b/a MCKESSON,<br><br>Defendant. | **Case No.** S1300CV202401135<br><br>**NOTICE OF IMPENDING DISMISSAL** |

| | |
|---|---|
| **HONORABLE KRISTYNE SCHAAF-OLSON** | **BY:** Rosie Flores, Judicial Assistant |
| **DIVISION PTA** | **DATE:** January 31, 2025 |

It appearing that service of process has not been made upon Defendants, and pursuant to Rule 4(i) Arizona Rule of Civil Procedure.

YOU ARE HEARBY NOTIFIED this matter will be dismissed without prejudice, and without further notice, after 60 days from the date of the Notice unless good cause is shown why service was not made within the time limits and that additional time should be granted within which to accomplish service.

cc: Shannon L. Clark- Gallagher & Kennedy, PA (e)
Dismissal Clerk (e)

Exhibit F

# *EXHIBIT G*

Shannon L. Clark (Bar No. 019708)
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
slc@gknet.com
Telephone: (602) 530-8194
Facsimile: (602) 530-8000
*Attorney for Plaintiff*

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
AuthorOfficeGeneralNo1

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF YAVAPAI**

NORMAN VALLADE, an individual,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC., a limited liability company; NURSE ASSIST, LLC, a limited liability company; and MCKESSON CORPORATION,

Defendant.

No. S1300CV202401135

**SUMMONS**

**WARNING: This is an official document from the Court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

FROM THE STATE OF ARIZONA TO: Nurse Assist, LLC

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this Summons.

2. If you do not want a judgment or order taken against you without your input, you must file an answer with the Court and pay the filing fee. If you do not answer, the other party may be given the relief requested in his or her Complaint. To file an answer, take or send the Answer to the **Clerk of the Superior Court, 120 S. Cortez, Prescott, AZ 86303**, or Clerk of the Superior Court, 2840 N. Commonwealth Drive, Camp Verde, AZ 86322. Mail a copy of your Answer to the other party, or the other party's attorney, at the address listed on the top of this Summons.

3. If this Summons and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, you must answer within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this Summons and the other papers were served on you

by a registered process server to the Sheriff outside the State of Arizona, you must answer within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete 30 days after date of the first publication.

**NOTICE: If you signed a Waiver of Service of Summons, you must file your answer within 60 days from the date the Notice of Lawsuit and Request to Waive Service of Summons was sent to you.**

4. Copies of the court papers filed in this case are available from the Plaintiff at the address at the top of this Summons or from the Clerk of the Superior Court at the addresses listed in Paragraph 2 above.

SIGNED AND SEALED this date: February 12th, 2025

DONNA McQUALITY, Clerk of the Superior Court

By: [signature],
Deputy Clerk

REQUESTS FOR REASONABLE ACCOMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE OFFICE OF THE JUDGE ASSIGNED TO THE CASE FIVE DAYS BEFORE ANY SCHEDULED COURT DATE.

# *EXHIBIT H*

Person Filing: Shannon L Clark
Address (if not protected): 2575 E Camelback Rd, Ste 1100
City, State, Zip Code: Phoenix, AZ 85016
Telephone: (602)530-8000
Email Address: slc@gknet.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 019708, Issuing State: AZ

**SUPERIOR COURT OF ARIZONA**
IN YAVAPAI COUNTY

Case Number: S1300CV202401135

Norman Vallade
Name of Plaintiff

**SUMMONS**

AND

Amazon.com, Inc., et al.
Name of Defendant

**WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Nurse Assist, LLC, DBA McKesson
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10659707

**3.** If this “Summons” and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your “Response” or “Answer” must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this “Summons” and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

**4.** You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

**5.** Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

**6.** Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date:*November 19, 2024*

*DONNA McQUALITY*
Clerk of Superior Court

By:*ANGARCIA*
Deputy Clerk




AZturboCourt.gov Form Set #10659707

# ***EXHIBIT I***

Shannon L. Clark (Bar No. 019708)
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
slc@gknet.com
Telephone: (602) 530-8194
Facsimile: (602) 530-8000
*Attorney for Plaintiff*

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
AuthorOfficeGeneralNo1

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF YAVAPAI**

| | |
|---|---|
| NORMAN VALLADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC., a limited liability company; NURSE ASSIST, LLC, a limited liability company; and MCKESSON CORPORATION,<br><br>Defendant. | No. S1300CV202401135<br><br>**SUMMONS** |

**WARNING: This is an official document from the Court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

FROM THE STATE OF ARIZONA TO: McKesson Corporation

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this Summons.

2. If you do not want a judgment or order taken against you without your input, you must file an answer with the Court and pay the filing fee. If you do not answer, the other party may be given the relief requested in his or her Complaint. To file an answer, take or send the Answer to the **Clerk of the Superior Court, 120 S. Cortez, Prescott, AZ 86303**, or Clerk of the Superior Court, 2840 N. Commonwealth Drive, Camp Verde, AZ 86322. Mail a copy of your Answer to the other party, or the other party's attorney, at the address listed on the top of this Summons.

3. If this Summons and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, you must answer within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this Summons and the other papers were served on you

by a registered process server to the Sheriff outside the State of Arizona, you must answer within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete 30 days after date of the first publication.

**NOTICE: If you signed a Waiver of Service of Summons, you must file your answer within 60 days from the date the Notice of Lawsuit and Request to Waive Service of Summons was sent to you.**

4. Copies of the court papers filed in this case are available from the Plaintiff at the address at the top of this Summons or from the Clerk of the Superior Court at the addresses listed in Paragraph 2 above.

SIGNED AND SEALED this date: February 12th, 2025

DONNA McQUALITY, Clerk of the Superior Court

By: [signature],
Deputy Clerk

REQUESTS FOR REASONABLE ACCOMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE OFFICE OF THE JUDGE ASSIGNED TO THE CASE FIVE DAYS BEFORE ANY SCHEDULED COURT DATE.

# *EXHIBIT J*

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
02/12/2025 9:16AM
BY: SHBAKER
DEPUTY

Shannon L. Clark (Bar No. 019708)
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
slc@gknet.com
Telephone: (602) 530-8194
Facsimile: (602) 530-8000
*Attorney for Plaintiff*

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
AuthorOfficeGeneralNo1

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF YAVAPAI**

| | |
|---|---|
| NORMAN VALLADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC., a limited liability company; NURSE ASSIST, LLC, a limited liability company; and MCKESSON CORPORATION,<br><br>Defendant. | No. S1300CV202401135<br><br>**AMENDED COMPLAINT**<br><br>**1. Strict Products Liability**<br>**2. Negligence**<br>**3. Negligence *Per Se*** |

Plaintiff Norman Vallade ("Mr. Vallade") for his claims against Defendants Amazon.com Services, LLC ("Amazon"), Nurse Assist, LLC ("Nurse Assist"), and McKesson Corporation ("McKesson") (collectively "Defendants"), alleges as follows:

## INTRODUCTION

1. Beginning on or around January 14, 2023, Plaintiff Mr. Vallade began using McKesson Sterile Water, a product designed, manufactured, marketed, distributed and/or sold by Defendants, to clean a surgical wound on his foot. As a result of a manufacturing defect rendering the Sterile Water nonsterile, Mr. Vallade's wounds did not heal. Instead, they grew infected, and Mr. Vallade had to undergo further medical procedures to remedy the infection. The Sterile Water Mr. Vallade used was later recalled. These events resulted in severe emotional, physical, and economic damages to Plaintiff for which Defendants are

responsible.

**PARTIES**

2. Plaintiff Norman Vallade resides in Yavapai County, Arizona.

3. Defendant Amazon, upon information and belief, is a foreign corporation authorized to do and doing business in Yavapai County, Arizona.

4. Defendant Nurse Assist, upon information and belief, is a foreign limited liability company doing business in Yavapai County, Arizona.

5. Defendant McKesson, upon information and belief, is a foreign corporation authorized to do and doing business in Yavapai County, Arizona.

**JURISDICTION AND VENUE**

6. The acts and events hereinafter alleged occurred in Yavapai County, Arizona.

7. Venue is proper under A.R.S. § 12-401.

8. Plaintiff has incurred damages in an amount exceeding the minimum jurisdictional limit of this Court.

9. Based on the amount in controversy, this action qualifies as a Tier 3 case.

**FACTUAL ALLEGATIONS**

10. On January 11, 2023, Mr. Vallade underwent reconstructive surgery on his right foot. As part of the reconstruction, surgeons placed internal hardware in Mr. Vallade's foot and installed an external fixator.

11. On January 14, 2023, Mr. Vallade purchased a case of forty-eight 100mL bottles of McKesson Sterile Water for Irrigation USP ("Sterile Water") from Defendant Amazon's online storefront (Order Number 112-4201476-8488261).

12. Upon information and belief, Nurse Assist is the manufacturer of the McKesson brand Sterile Water purchased by Mr. Vallade.

13. Shortly thereafter, Mr. Vallade received his order of forty-eight McKesson Sterile Water bottles, USP 100ML 3.4 FL OZ., PART # 37-6250 UDI 612479168572, Lot

# 22073661, with an expiration date of July 18, 2024.

14. Sterile water is a medical product used for irrigation or flushing of wounds or medical tubing, among other applications.

15. On or around January 14, 2023, Mr. Vallade began using the Sterile Water to clean the surgical wound incision sites on his right foot.

16. On April 4, 2023, Mr. Vallade underwent another surgery whereby doctors repaired his tibia and removed the external fixator from his January 11, 2023, surgery.

17. Mr. Vallade continued to use Sterile Water to clean his wounds from the April 4, 2023, surgery.

18. By May 31, 2023, the surgical site on Mr. Vallade's foot still had not healed. To the contrary, the wound was now deep enough to expose bone, and doctors noted necrosis/gangrene of his skin and bone.

19. As a result of the wound's failure to heal, Mr. Vallade underwent yet another surgery on May 31, 2023, this time to attach a vacuum-assisted wound closure device (a "wound VAC") to his foot. The wound improved while it was treated with the wound VAC, but bone was still exposed.

20. Mr. Vallade did not use Sterile Water while the wound VAC was attached.

21. Once the wound VAC was removed, Mr. Vallade continued to use Sterile Water to clean the wound site.

22. Because the wound still had not healed properly, Mr. Vallade underwent plastic surgery on July 25, 2023, to close the wound site.

23. After the plastic surgery, the wound site was wrapped with bandages for several weeks. During this period, Mr. Vallade did not use Sterile Water.

24. Once the wound had healed enough to transition from full bandage wrap to smaller gauze bandages, Mr. Vallade resumed use of Sterile Water to clean his wound site between bandage changes.

25. In October 2023, Mr. Vallade began experiencing symptoms of an infection, including redness and swelling of his foot as well as a high fever. While these symptoms would be concerning for any individual, it was particularly concerning for Mr. Vallade, who is an immunocompromised type 1 diabetic.

26. Mr. Vallade was admitted to the hospital on October 26, 2023, in relation to the bacterial infection developing from his wound.

27. At the hospital, Mr. Vallade underwent three separate surgeries on October 27th, October 30th, and November 3rd, respectively. During these surgeries, the surgeon removed bone, hardware, and tissue from Mr. Vallade's right foot, then created a skin flap graft to cover the wound site.

28. While at the hospital, doctors placed a picc line in Mr. Vallade's chest so that he could continue to administer additional antibiotics to himself at home, which he did daily for five weeks following his discharge from the hospital. Doctors also placed Mr. Vallade on an oral medication to suppress the infection, which he took until March 21, 2024.

29. Mr. Vallade remained in the hospital for a total of twelve days, over the course of which time he was being treated intravenously with no less than two antibacterial drugs in order to control the infection. He was discharged on November 6, 2023.

30. On November 6, 2023, Defendant Nurse Assist issued a recall for certain lots of Sterile Water, including the case Mr. Vallade had purchased and used to clean his wound sites throughout the year.

31. That same day, the U.S. Food & Drug Administration issued a safety communication warning consumers not to use the recalled Sterile Water.

32. According to Nurse Assist's recall announcement, the product was recalled when routine product testing identified "[t]he potential for a compromised sterile barrier."

33. Nurse Assist's recall announcement stated that, for immunocompromised consumers such as Mr. Vallade, "there is a possibility that the use of the affected product

could potentially result in severe or life-threatening adverse events."

34. Specifically, "[a]n open wound exposed to non-sterile products could potentially put the patient at risk of infection." *See Avanos Medical, Inc. Announces Voluntary Recall in Response to Nurse Assist, LLC Sterile Water Medical Products Recall*, U.S. Food & Drug Administration (Feb. 27, 2024), https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/avanos-medical-inc-announces-voluntary-recall-response-nurse-assist-llc-sterile-water-medical.

35. On November 28, 2023, Defendant Amazon notified Mr. Vallade via e-mail that the Sterile Water he purchased had been recalled.

36. On December 26, 2023, Mr. Vallade underwent another surgery to complete the skin flap graft covering his wound site.

37. Doctors specializing in infectious diseases recommended that Mr. Vallade have the remaining hardware from his initial foot surgery removed and replaced with fresh hardware to ensure all contaminated materials were removed from his system. On February 14, 2024, Mr. Vallade underwent the suggested surgery.

38. On March 12, 2024, the U.S. Food & Drug Administration updated its recall safety communication to state that it "is receiving reports of adverse events associated with the use of Nurse Assist products."

39. Mr. Vallade's recovery is ongoing.

## COUNT I
## Strict Products Liability – Manufacturing & Information Defect
## (All Defendants)

40. Plaintiff incorporates the allegations set forth above.

41. Plaintiff brings this strict liability claim against Defendants for defective manufacturing, rendering their product unreasonably dangerous.

42. Prior to the Sterile Water recall, Defendants engaged in the business of testing, developing, designing, manufacturing, marketing, selling, distributing, and/or

promoting the Sterile Water that Mr. Vallade purchased, which was defective and unreasonably dangerous to consumers, including Plaintiff, thereby placing the Sterile Water into the stream of commerce. These actions were under the ultimate control and supervision of Defendants.

43. Defendants designed, researched, developed, manufactured, produced, tested, assembled, labeled, advertised, promoted, marketed, sold, and/or distributed the Sterile Water product that Mr. Vallade used, as described above.

44. At all times herein mentioned, Defendants' Sterile Water product was used by Mr. Vallade in the manner expected and intended by Defendants.

45. Upon information and belief, Defendants' Sterile Water product was defective at the time of its manufacture, development, production, testing, inspection, endorsement, distribution, and sale, and at the time the product left the possession of Defendant in that, and not by way of limitation, the product differed from Defendants' intended results and intended designs and specifications, and from other ostensibly identical units of the same product lines.

46. Upon information and belief, the Sterile Water was manufactured in an unsafe, defective, and inherently dangerous manner that was dangerous for use by the public, and, in particular, immunocompromised consumers like Mr. Vallade.

47. Defendants' Sterile Water product reached the intended consumers, handlers, and users or other persons coming into contact with the product in Arizona and throughout the United States, including Plaintiff, without substantial change in its condition as designed, manufactured, sold, distributed, labeled, and/or marketed by Defendants.

48. Defendants' Sterile Water lacked a warning to consumers that the product might, in fact, be nonsterile and therefore dangerous to consumers, particularly immunocompromised consumers. To the contrary, the label on the product referred to the product as "Sterile" water and stated, "Contents STERILE in unopened, undamaged

package."

49. The manufacture of Defendants' product was so unreasonably dangerous to consumers that the product was recalled on November 6, 2023.

50. Prior to the recall, Mr. Vallade used Defendants' Sterile Water product to clean his surgical wounds.

51. Mr. Vallade's wounds became infected as a direct and proximate result of his use of Defendants' Sterile Water.

52. As a direct and proximate result of Defendants' defectively manufactured, defectively labeled, and unreasonably dangerous product, Mr. Vallade: suffered severe bodily injury, including scarring from multiple additional surgeries necessitated by use of Defendants' defective product; suffered and continues to suffer great pain of body and mind; incurred and will continue to incur expenses related to medical treatment of his injuries; suffered loss of income; suffered the loss of enjoyment of life; and has been otherwise damaged as to be further shown by the evidence at trial.

## COUNT II
## Negligence
## (All Defendants)

53. Plaintiff incorporates the allegations set forth above.

54. At all relevant times, Defendants designed, tested, manufactured, distributed, advertised, marketed, and/or sold Sterile Water for use by consumers in the United States, such as Mr. Vallade.

55. At all relevant times, Defendants had a duty to exercise reasonable care in designing, manufacturing, labeling, testing, inspecting, distributing, advertising, marketing, and/or selling their product.

56. Upon information and belief, Defendants knew or should have known that the Sterile Water was defectively manufactured and posed a high risk of serious injury or death, particularly to immunocompromised individuals.

57. Defendants breached their duty of reasonable care by putting a product into the marketplace that they knew or should have known was inherently dangerous, particularly for immunocompromised consumers.

58. Further, upon information and belief, Defendants breached the duties owed to consumers of its Sterile Water product by committing the following negligent acts and omissions:

a. Failing to adequately maintain and monitor the safety of its products, premises, equipment, and/or employees;

b. Failing to properly operate its manufacturing facilities and equipment in a safe, clean, and sanitary manner;

c. Failing to adopt, implement, and/or follow adequate sterility policies and procedures;

d. Failing to apply its sterility safety policies and procedures to ensure the sterile condition of its Sterile Water product, premises, and/or equipment;

e. Failing to adopt, implement, and/or follow sterility policies and procedures that meet industry standards for the safe and sterile production of sterile water;

f. Failing to property train its employees and agents on how to ensure sterility and prevent compromised sterile barriers; and/or

g. Failing to adequately inspect and test its processing facilities, equipment, and products to ensure sterile barriers remained uncompromised.

59. Further, Defendants negligently represented to consumers that Sterile Water was sterile, intending for consumers to rely on the product's sterility in deciding to purchase and use the product, without exercising reasonable care to ensure the product was in fact sterile. Plaintiff justifiably relied on Defendants' negligent misrepresentation and was injured as a result.

60. As a direct and proximate result of Defendants' negligent handling, manufacturing, inspection, testing, and misrepresentation, Plaintiff sustained damages in an amount to be proven at trial.

**COUNT III**
**Negligence *Per Se***
**(All Defendants)**

61. Plaintiff incorporates the allegations set forth above.

62. Defendants, their employees, agents, and/or those working on their behalf, as providers of drug products within the State of Arizona, owe a duty to comply with A.R.S. § 32-1965.

63. A.R.S. § 32-1965(1) prohibits the act or causing of "[t]he manufacture, sale, holding, or offering for sale of any drug, device, poison, or hazardous substance that is adulterated or misbranded."

64. Under A.R.S. § 32-1966, a drug or device is adulterated if any of the following conditions are met, among others:

a. If it consists in whole or in part of any filthy, putrid or decomposed substance;

b. If it has been produced, prepared, packed, or held under unsanitary conditions whereby it may have been contaminated with filth, or is not securely protected from dust, dirt, and, as far as may be necessary by all reasonable means, from all foreign or injurious contamination, or whereby it may have been rendered injurious to health;

c. If the methods used in, or the facilities or controls used for, its manufacture, processing, packing, or holding do not conform to or are not operated or administered in conformity with current good manufacturing practice to assure that such drug or device meets the requirements of this chapter as to safety and has the identity and strength, and meets the quality, which it is represented to possess;

d. If it is a drug the name of which is recognized in an official compendium, and its strength differs from, or its quality or purity falls below, the standard set forth in such compendium; or

e. If it is not a drug the name of which is recognized in an official compendium and its purity or quality falls below that which it purports or is represented to possess.

A.R.S. § 32-1966(1)-(3), (6), (7).

65. Defendants, their employees, agents, and/or those working on their behalf, as providers of drug products within the United States, owe a duty to comply with 21 U.S.C. § 331.

66. 21 U.S.C. § 331(a) prohibits the act or causing of "[t]he introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded."

67. Under 21 U.S.C. § 351, a drug or devise is adulterated if any of the following conditions are met, among others:

a. If it consists in whole or in part of any filthy, putrid, or decomposed substance;

b. If it has been prepared, packed, or held under insanitary conditions whereby it may have been contaminated with filth, or whereby it may have been rendered injurious to health;

c. If it is a drug and the methods used in, or the facilities or controls used for, its manufacture, processing, packing, or holding do not conform to or are not operated or administered in conformity with current good manufacturing practice to assure that such drug meets the requirements of 21 USCS §§ 301 *et seq*. as to safety and has the identity and strength, and meets the quality and purity characteristics, which it purports or is represented to possess;

d. If it purports to be or is represented as a drug the name of which is recognized

in an official compendium, and its strength differs from, or its quality or purity falls below, the standard set forth in such compendium; or

e. If it is not a drug the name of which is recognized in an official compendium and its strength differs from, or its purity or quality falls below, that which it purports or is represented to possess.

21 U.S.C. § 351(a)-(c).

68. A.R.S. § 32-1965 and 21 U.S.C. § 331 are statutes designed to protect the safety of consumers like Mr. Vallade.

69. Upon information and belief, Defendants, their employees, agents, or those working on their behalf, failed to comply with A.R.S. § 32-1965 and 21 U.S.C. § 331 and are therefore liable to Plaintiff under the doctrine of negligence *per se*.

70. As a direct and proximate result of Defendants' failure to comply with A.R.S. § 32-1965 and 21 U.S.C. § 331, Plaintiff sustained injuries and damages in an amount to be proven at trial.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

## RULE 26.2 TIER ALLEGATION

Pursuant to Rule 26.2(c)(3), the Court should assign this case to Tier 3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For special damages in an amount to be proven at trial;

(b) For general damages in an amount to be proven at trial;

(c) For an amount representative of Plaintiff's medical bills and lost wages—past and future—in an amount to be proven at trial;

(d) For all costs incurred and to be incurred herein;

(e) For interest on the above sums from the date of judgment until paid;

(f) For pre-judgment interest on Plaintiff's reasonably necessary medical expenses; and

(g) For such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 12th day of February, 2025.

GALLAGHER & KENNEDY, P.A.

By: */s/ Shannon L. Clark*

Shannon L. Clark
2575 East Camelback Road
Phoenix, Arizona 85016
*Attorney for Plaintiff*

# *EXHIBIT K*

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
03/14/2025 4:21PM
BY: VCANTU
DEPUTY

Christopher S. Coleman (Bar No. 018287)
Rahgan N. Jensen (Bar No. 037473)
**PERKINS COIE LLP**
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000
CColeman@perkinscoie.com
RJensen@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorney for Defendant*
*Amazon.com Services, LLC*

SUPERIOR COURT OF ARIZONA

YAVAPAI COUNTY

| | |
|---|---|
| Norman Vallade, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Amazon.com Services, LLC, a limited liability company; Nurse Assist, LLC, a limited liability company; and McKesson Corporation,<br><br>Defendants. | No. Sl300CV202401135<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND CROSS-CLAIMS** |

Defendant Amazon.com Services, LLC ("Amazon") responds to Plaintiff's Amended Complaint ("Complaint") as follows:

1. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and, on that basis, denies them.


Exhibit K

2. Amazon does not have sufficient information to admit or deny the allegation regarding Plaintiff Norman Vallade's residence but does not dispute it for jurisdictional purposes.

3. Amazon admits only that Amazon.com Services, LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington, and that people in Arizona buy products from its online store at www.amazon.com. Amazon denies all remaining allegations in Paragraph 3.

4. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies them.

5. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies them.

6. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies them.

7. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies them.

8. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies them.

9. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies them.

10. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies them.

11. Amazon admits that it operates the website www.amazon.com, which enables millions of third-party sellers to offer and sell products. Amazon further admits that Norman Vallade purchased a McKesson Sterile Water product (ASIN B08LDPRPKJ) from a third-party

seller "Health & Prime" via Order ID 114-1042938-1178651 on January 14, 2023. Amazon denies all remaining allegations in Paragraph 11.

12. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies them.

13. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies them.

14. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies them.

15. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies them.

16. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies them.

17. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies them.

18. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

24. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies them.

29. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30. Amazon admits that on November 6, 2023, Nurse Assist, LLC, issued a recall for certain lots of 0.9% Sodium Chloride Irrigation USP and Sterile Water for Irrigation USP due to potential sterility concerns. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 and, on that basis, denies them.

31. Amazon admits that on November 6, 2023, the U.S. Food and Drug Administration (FDA) issued a safety communication warning consumers not to use certain brands of saline and sterile water medical products from Nurse Assist, LLC, due to potential sterility concerns.

32. Amazon admits that Plaintiff purports to selectively quote Nurse Assist's recall announcement. The referenced recall announcement speaks for itself. Amazon denies any characterization of the recall announcement inconsistent with its actual content.

33. Amazon admits that Plaintiff purports to selectively quote Nurse Assist's recall announcement. The referenced recall announcement speaks for itself. Amazon denies any characterization of the recall announcement inconsistent with its actual content. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33 and, on that basis, denies them.

34. Amazon admits that Plaintiff purports to selectively quote Nurse Assist's recall announcement. The referenced recall announcement speaks for itself. Amazon denies any characterization of the recall announcement inconsistent with its actual content.

35. Amazon admits that it sent correspondence advising of the recall of ASIN B08LDPRPKJ to Plaintiff (and all customers that purchased ASIN B08LDPRPKJ) on November 7, 2023 at 21:10.

36. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

37. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38. Amazon admits that on April 15, 2024, the U.S. Food and Drug Administration (FDA) issued an updated safety communication warning consumers not to use certain brands of saline and sterile water medical products from Nurse Assist, LLC, due to potential sterility concerns. Amazon further admits that Plaintiff purports to selectively quote the FDA's announcement. The referenced recall announcement speaks for itself. Amazon denies any characterization of the recall announcement inconsistent with its actual content.

39. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40. Amazon reasserts and incorporates its responses to the allegations set forth above as though fully stated herein.

41. To the extent that the allegations in Paragraph 41 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

42. To the extent that the allegations in Paragraph 42 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

43. To the extent that the allegations in Paragraph 43 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

44. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45. To the extent that the allegations in Paragraph 45 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

46. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in 46 and, on that basis, denies them.

47. To the extent that the allegations in Paragraph 47 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in 47 and, on that basis, denies them.

48. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49. Amazon admits only that on November 6, 2023, Nurse Assist, LLC, issued a recall for certain lots of 0.9% Sodium Chloride Irrigation USP and Sterile Water for Irrigation USP. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 49 and, on that basis, denies them.

50. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52. Amazon denies the allegations in Paragraph 52, including any claim that Plaintiff suffered injuries or damages as a direct and proximate result of Amazon's actions or any defect in the product at issue.

53. Amazon reasserts and incorporates its responses to the allegations set forth above as though fully stated herein.

54. To the extent that the allegations in Paragraph 54 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

55. To the extent that the allegations in Paragraph 55 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

56. To the extent that the allegations in Paragraph 56 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

57. To the extent that the allegations in Paragraph 57 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

58. To the extent that the allegations in Paragraph 58, including subparts (a) through (g), are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

59. To the extent that the allegations in Paragraph 59 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

60. To the extent that the allegations in Paragraph 60 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them, including any claim that Plaintiff sustained damages as a direct and proximate result of any alleged negligence by Amazon.

61. Amazon reasserts and incorporates its responses to the allegations set forth above as though fully stated herein.

62. Amazon denies the allegations in Paragraph 62, including any claim that it was a provider of drug products within the State of Arizona or owed a duty under A.R.S. § 32-1965.

63. Paragraph 63 sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Amazon denies any allegations of wrongdoing.

64. Paragraph 64 sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Amazon denies any allegations of wrongdoing.

65. Amazon denies the allegations in Paragraph 65, including any claim that it was a provider of drug products within the United States or owed a duty under 21 U.S.C. § 331.

66. Paragraph 66 sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Amazon denies any allegations of wrongdoing.

67. Paragraph 67 sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Amazon denies any allegations of wrongdoing.

68. Paragraph 68 sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Amazon denies any allegations of wrongdoing.

69. To the extent that the allegations in Paragraph 69 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them.

70. To the extent that the allegations in Paragraph 70 are directed at a party other than Amazon, no response is required. However, to the extent they are directed at Amazon, Amazon denies them, including any claim that Plaintiff sustained injuries or damages as a direct and proximate result of Amazon's conduct.

## AFFIRMATIVE DEFENSES

Without admitting any liability, Amazon asserts the following affirmative defenses. By asserting these defenses, Amazon does not assume the burden of proof on any issue where the law places that burden on Plaintiff.

### 1. Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### 2. No Duty Owed

Amazon owed no legal duty to Plaintiff with respect to the product at issue, including but not limited to duties regarding design, manufacturing, testing, or labeling.

**3. Third-Party Liability**

Any alleged injuries or damages suffered by Plaintiff were caused by the acts or omissions of third parties, including but not limited to the manufacturer, distributor, and/or seller of the product at issue, over whom Amazon had no control or responsibility.

**4. Comparative Fault**

To the extent Plaintiff suffered any injuries or damages, such damages were caused, in whole or in part, by Plaintiff's own negligence, fault, or conduct, and any recovery must be reduced accordingly under Arizona's comparative fault laws.

**5. Assumption of Risk**

Plaintiff knowingly and voluntarily assumed the risks associated with the use of the product at issue.

**6. Intervening and Superseding Causes**

Any alleged injuries or damages were the result of independent, intervening, and superseding causes that were not within Amazon's control or reasonably foreseeable.

**7. No Defect in Product**

The product at issue was not defective or unreasonably dangerous at the time it left the control of Amazon, and Amazon denies any claim that it placed a defective product into the stream of commerce.

**8. Compliance with Applicable Laws and Regulations**

Amazon acted in compliance with all applicable federal and state laws, regulations, and industry standards, including but not limited to the Federal Food, Drug, and Cosmetic Act (FDCA) and regulations enforced by the U.S. Food and Drug Administration (FDA).

**9. Preemption**

Plaintiff's claims are preempted, in whole or in part, by federal law, including but not limited to the FDCA, FDA regulations, and applicable preemption doctrines.

**10. Economic Loss Doctrine**

To the extent Plaintiff seeks purely economic damages, such claims are barred by the economic loss doctrine.

**11. Failure to Mitigate Damages**

To the extent Plaintiff sustained any damages, Plaintiff failed to take reasonable steps to mitigate those damages, and any recovery should be reduced accordingly.

**12. Statute of Limitations**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**13. Statute of Repose**

Plaintiff's claims are barred, in whole or in part, by any applicable statute of repose.

**14. Misuse or Alteration of the Product**

To the extent Plaintiff's alleged injuries were caused by misuse, improper use, unintended use, or alteration of the product after it left the control of the manufacturer or seller, Plaintiff's claims are barred.

**15. Spoliation of Evidence**

To the extent Plaintiff or any third party has failed to preserve or has altered, destroyed, or otherwise spoliated evidence necessary for Amazon's defense, Plaintiff's claims should be barred or Plaintiff's evidence should be subject to an adverse inference.

**16. Estoppel, Waiver, and Laches**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

**17. Lack of Standing**

Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint.

**18. Collateral Source Rule**

Plaintiff's claims may be subject to offset or reduction under the collateral source rule.

**19. No Proximate Cause**

Even if Plaintiff suffered injuries or damages, which Amazon denies, Amazon's conduct was not the proximate cause of those injuries or damages.

**20. No Reliance on Representations**

Plaintiff did not reasonably or justifiably rely on any representations, warranties, or statements allegedly made by Amazon regarding the product at issue.

**21. Punitive Damages Barred or Limited**

To the extent Plaintiff seeks punitive damages, such claims are barred or limited under applicable law, including but not limited to due process limitations under the U.S. and Arizona Constitutions.

**22. Lack of Privity**

Amazon did not sell the product at issue directly to Plaintiff, and therefore any claims requiring contractual privity fail as a matter of law.

**23. A.R.S. § 12-683**

Plaintiff's claims are barred, in whole or in part, under A.R.S. § 12-683.

**24. Incorporation of Other Defenses**

Amazon adopts and incorporates by reference any applicable defenses asserted by other Defendants, including but not limited to Nurse Assist, LLC, and McKesson Corporation, to the extent such defenses are applicable to Amazon.

**25. Reservation of Additional Defenses**

Amazon reserves the right to assert additional defenses that may arise through further investigation and discovery.

**CROSS-CLAIMS**

**FIRST CROSS-CLAIM**

**AGAINST NURSE ASSIST, LLC FOR CONTRIBUTION**

1. Amazon denies any liability to Plaintiff but asserts this cross-claim in the alternative should liability be established.

2. Nurse Assist, LLC designed, manufactured, and distributed the Sterile Water at issue in this case.

3. If Plaintiff suffered injuries or damages as alleged, those injuries or damages were caused in whole or in part by the actions, omissions, or negligence of Nurse Assist, LLC.

4. Under A.R.S. § 12-2501 et seq., Arizona law provides for contribution among joint tortfeasors.

5. To the extent Amazon is found liable to Plaintiff, which Amazon denies, Amazon is entitled to contribution from Nurse Assist, LLC in an amount proportionate to Nurse Assist, LLC's responsibility for Plaintiff's alleged injuries and damages.

WHEREFORE, Amazon requests judgment against Nurse Assist, LLC for contribution, along with attorneys' fees, costs, and any other relief the Court deems just and proper.

**SECOND CROSS-CLAIM**

**AGAINST NURSE ASSIST, LLC FOR INDEMNIFICATION**

6. Amazon denies any liability to Plaintiff but asserts this cross-claim in the alternative should liability be established.

7. Nurse Assist, LLC was responsible for the design, manufacture, labeling, testing, distribution, and/or sale of the Sterile Water that is the subject of this lawsuit.

8. If Amazon is found liable to Plaintiff, its liability is passive, secondary, and derivative of Nurse Assist, LLC's primary responsibility.

9. Nurse Assist, LLC had a duty to ensure that its product was safe for consumer use and was not defective, mislabeled, or adulterated.

10. If Amazon is found liable, Amazon is entitled to full indemnification from Nurse Assist, LLC for any and all damages, attorneys' fees, and costs incurred as a result of this lawsuit.

WHEREFORE, Amazon requests judgment against Nurse Assist, LLC for full indemnification, along with attorneys' fees, costs, and any other relief the Court deems just and proper.

**THIRD CROSS-CLAIM**

**AGAINST MCKESSON CORPORATION FOR CONTRIBUTION**

11. Amazon denies any liability to Plaintiff but asserts this cross-claim in the alternative should liability be established.

12. McKesson Corporation was involved in the distribution, supply, and/or sale of the Sterile Water at issue.

13. If Plaintiff suffered injuries or damages, those injuries or damages were caused in whole or in part by McKesson Corporation's actions, omissions, or negligence.

14. Under A.R.S. § 12-2501 et seq., Arizona law provides for contribution among joint tortfeasors.

15. To the extent Amazon is found liable to Plaintiff, which Amazon denies, Amazon is entitled to contribution from McKesson Corporation in an amount proportionate to McKesson Corporation's responsibility for Plaintiff's alleged injuries and damages.

WHEREFORE, Amazon requests judgment against McKesson Corporation for contribution, along with attorneys' fees, costs, and any other relief the Court deems just and proper.

**FOURTH CROSS-CLAIM**

**AGAINST MCKESSON CORPORATION FOR INDEMNIFICATION**

16. Amazon denies any liability to Plaintiff but asserts this cross-claim in the alternative should liability be established.

17. McKesson Corporation was involved in the distribution, supply, and/or sale of the Sterile Water that is the subject of this lawsuit.

18. If Amazon is found liable to Plaintiff, its liability is passive, secondary, and derivative of McKesson Corporation's primary responsibility.

19. McKesson Corporation had a duty to ensure that the product was properly handled, stored, and distributed in a safe condition.

20. If Amazon is found liable, Amazon is entitled to full indemnification from McKesson Corporation for any and all damages, attorneys' fees, and costs incurred as a result of this lawsuit.

WHEREFORE, Amazon requests judgment against McKesson Corporation for full indemnification, along with attorneys' fees, costs, and any other relief the Court deems just and proper.

**REQUEST FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Amended Complaint, asserted its affirmative defenses, and set forth its cross-claims, Amazon respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

1. Dismissal with Prejudice – That Plaintiff's Amended Complaint and all claims asserted therein be dismissed with prejudice in their entirety;

2. Judgment in Favor of Amazon – That judgment be entered in favor of Amazon and against Plaintiff on all causes of action;

3. Denial of Damages – That Plaintiff take nothing by way of his Amended Complaint, and that all requests for damages, including special, general, compensatory, punitive, or any other form of relief, be denied in their entirety;

4. Costs and Attorneys' Fees – That Amazon be awarded its costs, reasonable attorneys' fees, and expenses incurred in defending this action to the fullest extent permitted by law;

5. Contribution and/or Indemnification – That, to the extent Amazon is found liable for any damages, the Court enter judgment requiring Cross-Defendants to fully indemnify and/or contribute to any damages or liability assessed against Amazon, including attorneys' fees and litigation costs;

6. Costs and Attorneys' Fees Against Cross-Defendants – That Amazon be awarded its costs, attorneys' fees, and expenses in pursuing its cross-claims against Nurse Assist, LLC and McKesson Corporation; and

7. Any Additional Relief – That the Court grant such other and further relief as it deems just, equitable, and proper under the circumstances.

. . .

. . .

. . .

. . .

. . .

Dated: March 14, 2025

**PERKINS COIE LLP**

By: */s/ Christopher S. Coleman*
Christopher S. Coleman
Rahgan N. Jensen
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227

*Attorney for Defendant Amazon.com Services, LLC*

Original of the foregoing e-filed with the Yavapai County Superior Court and served on the following parties at AZTurbocourt.gov this 14th day of March, 2025:

Shannon L. Clark
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
Email: slc@gknet.com

*Attorneys for Plaintiff*

*/s/ D. Freouf*

# *EXHIBIT L*

BRYAN CAVE LEIGHTON PAISNER LLP, #145700
Sean K. McElenney, 016987
Janessa E. Doyle, 037889
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Fax: (602) 364-7070
Email: sean.mcelenney@bclplaw.com
janessa.doyle@bclplaw.com

Attorneys for Defendant McKesson Corporation

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
TELEPHONE: (602) 364-7000

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| NORMAN VALLADE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, a limited liability company; NURSE ASSIST, LLC, a limited liability company; and MCKESSON CORPORATION,<br><br>Defendants. | No. S1300CV202401135<br><br>**NOTICE OF REMOVAL** |

**TO PLAINTIFF NORMAN VALLADE:**

**PLEASE TAKE NOTICE** that, on March 17, 2025, Defendant McKesson Corporation, by and through its undersigned counsel, filed a Notice of Removal of this Action in the United States District Court for the District of Arizona. A true and correct copy of the Notice of Removal of Action (without exhibits) is attached hereto as **Exhibit A** and served contemporaneously herewith.

DATED this 17th day of March, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

By /s/ Sean K. McElenney
Sean K. McElenney
Janessa E. Doyle
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Attorneys for Defendant McKesson Corporation

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
TELEPHONE: (602) 364-7000

ORIGINAL of the foregoing electronically filed and COPY emailed this 17th day of March, 2025, to:

Shannon L. Clark
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016
slc@gknet.com
Attorneys for Plaintiff

Christopher S. Coleman
Rahgan N. Jensen
PERKINS COIE LLP
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
CColeman@perkinscoie.com
RJensen@perkinscoie.com
Attorneys for Defendant
Amazon.com Services, LLC

/s/ Cathy Russell